IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Nos. 3:20-cr-394-E & |
| | § | 3:20-cr-395-E |
| DEARLO DALEAN MARTIN, | § | |
| | § | |
| Defendant. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By electronic orders dated March 9, 2021, United States District Judge Ada Brown referred these matters to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on December 14, 2020 [Dkt. No. 4] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 15.

Defendant Dearlo Dalean Martin personally appeared in person and through counsel for a final revocation hearing over VTC (over Zoom) on April 21, 2021.

After consideration of the filings, evidence, testimony, oral argument, and applicable law, the undersigned recommends that Defendant's terms of supervised release should be revoked as explained below in these amended findings, conclusions, and recommendation (which correct a mistaken date reference on page 8 of the original findings, conclusions, and recommendation entered on April 21, 2021).

-1-

## Background

Defendant Dearlo Dalean Martin was sentenced in the United States District Court of the District of Minnesota to sentences of 38 months and 10 months in custody, followed by a 3-year supervised release term, for, respectively, the offenses of Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and 1029(c)(1)(A)(i), and Escape from Custody, in violation of 18 U.S.C. § 751(a).

Defendant began his term of supervised release on July 20, 2020, and jurisdiction was transferred to the Northern District of Texas on August 28, 2020. *See* Dkt. Nos. 1 & 2.

## A.    Alleged Violations

On December 14, 2020, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following five violations:

## I.

### Violation of Mandatory Condition

The defendant shall not commit another federal, state, or local crime.

### Nature of Noncompliance

Dearlo Delean Martin violated this condition of supervised release as evidenced by his arrest on October 23, 2020, for Assault - Family Violence Offensive Contact, in violation of the Texas State Penal Code 22.01(A)(3), a Class C Misdemeanor.

On October 23, 2020, at approximately 0900 hours, officers were dispatched to Mr. Martin's residence in response to a verbal argument with his wife. Mr. Martin's wife advised officers that he muffed her face.

Ms. Martin reported she did not feel any pain, but she was offended he put his hands on her. Ms. Martin refused to fill out family violence paperwork. Furthermore, Mr. Martin was arrested to prevent any further acts of family violence and was placed on an 8-hour hold and released the same day.

## II.

### Violation of Mandatory Condition No. 3

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Nature of Noncompliance

Mr. Martin violated this condition of supervised release by using marijuana, an illegal controlled substance, in or about September 2020. On September 2, 2020, Mr. Martin submitted a urine specimen at Homeward Bound, Inc. (HBI), Dallas, Texas, which tested positive for marijuana. Mr. Martin denied using any illegal substances since July when he transferred to the Northern District of Texas. The sample has confirmed positive for marijuana by the national laboratory.

Mr. Martin violated this condition of supervised released by using marijuana, an illegal controlled substance, in or about October 2020. Mr. Martin admitted, verbally and in writing, to using marijuana in the form of an edible, on or about October 15, 2020.

Mr. Martin violated this condition of supervised release by using marijuana, an illegal controlled substance, in or about October 2020. On October 29, 2020, Mr. Martin submitted a urine specimen at HBI, Dallas, Texas, which tested positive for marijuana.

## III.

### Violation of Special Condition

The defendant shall complete an immediate assessment or participate in a program for substance abuse as approved by the probation officer upon release or relapse during their term of supervised release. That program may include testing and inpatient or outpatient treatment, counseling, or a support group. Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program, not to exceed the

total cost of treatment.

## Nature of Noncompliance

Mr. Martin violated this condition of supervised release by failing to report for random drug testing on July 15, 2020, August 26, 2020, October 6, 2020, November 23, 2020, and November 30, 2020.

Mr. Martin further violated this condition of supervised release by failing to attend an individual counseling session at HBI on November 30, 2020.

### IV.

## Violation of Standard Condition No. 1

The defendant shall not leave the judicial district without permission of the court or probation officer.

## Nature of Noncompliance

Mr. Martin violated his conditions of supervised release when he left the Northern District of Texas and traveled to Minneapolis, Minnesota, District of Minnesota on or about September 3, 2020. Mr. Martin advises he traveled to Minneapolis to pick up his children to bring them back to Dallas, Texas after his wife had taken them to her family to be cared for as she tended to her own mental health needs. Unfortunately, Mr. Martin was the victim in a shooting in downtown Minneapolis on September 4, 2020 and underwent treatment for an infection of his wound. Ultimately, one of the bullets was able to be removed on October 12, 2020, while the fragments of another bullet remain in his leg.

### V.

## Violation of Mandatory Condition

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

## Nature of Noncompliance

Mr. Martin violated this condition of supervised release by failing to make restitution payments for the months of August, September, October, and November 2020. Mr. Martin was ordered to pay a total restitution amount of $215,841.26 at a rate of $25.00 per month over a period of 3 years to commence 30 days after the release from imprisonment.

## Personal History

Dearlo Martin began his term of supervised release in the Northern District of Texas in July 2020.He is currently residing with his mother, Rekita McCoy. Due to ongoing conflict with his wife, this officer approved Mr. Martin's primary residence to be with his mother to reduce conflict and allow them an opportunity to work on their marriage. Both Mr. and Mrs. Martin are focusing on their own well-being and counseling to improve their marriage for the sake of their children. They have four children together and he has a fifth child that Ms. Martin has raised since he was incarcerated.

Mr. Martin has spent most of his life in custody, which continues to be a factor in his transition to supervised release. This officer communicated with HBI and requested changes in his treatment plan at his request, including in-person individual sessions rather than virtual sessions due to the pandemic. Additionally, it was requested he work individually with a male counselor so that he can have a positive male role model in his treatment and transition to the community.

Mr. Martin also willingly admitted to eating a marijuana edible on or about October 15, 2020, prior to any drug tests being collected. Mr. Martin has denied further use; however, he continues to test positive for the illegal controlled substance or fails to report for testing as directed.

The case in Dallas County has not been filed and remains pending. This officer has responded and met with Mr. Martin on multiple occasions to address his noncompliance and create a plan moving forward for him to be successful. Following Mr. Martin's missed drug testing in November, this officer made several attempts to contact him without a response. Therefore, it is respectfully recommended a warrant be issued in this case.

Dkt. No. 4.

On December 14, 2020, the Court issued a warrant for Defendant. *See* Dkt. No.

5. He made his initial appearance on January 20, 2021. *See* Dkt. No. 6.

On February 7, 2021, the USPO submitted an addendum to the Petition

(Addendum), alleging the following:

To amend and correct the petition filed on December 14, 2020.The probation officer respectfully requests the violations previously noted in Section I for Assault - Family Violence Offensive Contact and Section III for failing to report for a random scheduled drug test on October 6, 2020 be removed. The charge in

Dallas Municipal Court for Assault Family Violence - Offensive Contact has been dismissed. In addition, the October 6, 2020, failing to report for random drug test date was included in error. Furthermore, Mr. Martin has further violated his conditions of supervised release and the alleged violations are included in this petition.

## Previous Court Notifications

On December 7, 2020, a Petition for Person Under Supervision was submitted to Your Honor alleging Dearlo Martin violated his terms of supervised release when he was arrested for Assault - Family Violence Offensive Contact, testing positive for marijuana, failure to appear for random scheduled drug tests and an individual counseling session, and failing to pay his restitution in accordance with his Schedule of Payments.

## I.

## Violation of Mandatory Condition

The defendant shall not commit another federal, state or local crime.

## Violation of Mandatory Condition

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

## Nature of Noncompliance

Dearlo Martin violated these conditions of supervised release as evidenced by his arrest in Franklin County, Iowa on January 17, 2021. Mr. Martin was charged with Possession of a Controlled Substance - Marijuana First, Possession of Fictitious License, No Valid License, and Excessive Speed.

On January 17, 2021, at approximately 1110 hours, troopers with the Iowa State Patrol stopped a 2020 White Chevrolet Impala for excessive speed of 98 miles per hour in a 70 miles per hour zone. The driver was identified as De'arlo De'Laen Martin. The trooper immediately observed a package containing loose marijuana on the floorboard of the passenger side of the vehicle. As a result, the vehicle was searched based on probable cause. Troopers also located THC Gummies inside the glove compartment and the butt of a blunt located in the door pocket on the passenger side of the vehicle.

Additionally, Mr. Martin was in possession of a fraudulent Illinois driver's license under the name Raheem Martin (date of birth 10/28/1988) with his picture on it. Mr. Martin was also in possession of 15 debit/credit and gift cards which were in a factory concealed compartment in the dashboard. These debit/credit cards had other names on them, including Raheem Morris. In the trunk of the vehicle, troopers found a credit/debit card scanner/reader. Investigation into the debit/credit and gift cards and the scanner is ongoing.

Mr. Martin was detained on the warrant issued on December 14, 2020 in the Northern District of Texas and made his initial appearance in the Northern District of Iowa on January 20, 2021. He waived his right to an identity and detention hearing and has requested his right to these hearings in the Northern District of Texas.

## II.

## Violation of Standard Condition No. 3

You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

## Nature of Noncompliance

Mr. Martin violated this condition of supervised release by leaving the Northern District of Texas without permission, as evidenced by his arrest in Franklin County, Iowa on January 17, 2021.

## Personal History

In addition to the personal history provided in the original petition, Mr. Martin continues to violate his conditions of supervised release by allegedly committing new crimes and leaving the Northern District of Texas without authorization on multiple occasions. On the recent arrest report from the State of Iowa, Mr. Martin's home address is listed as being in Minneapolis, Minnesota. Despite interventions to address noncompliance, Mr. Martin continues to engage in similar criminal behavior.

The last personal contact between this officer and Mr. Martin occurred in early December 2020. Dallas Police Department advised there was an incident on December 7, 2020 when they were dispatched to Mr. Martin's residence in response to a domestic incident involved him and his wife. Mr. Martin had left by the time authorities arrived at the residence and no charges have been filed.

Mr. Martin's new criminal conduct is concerning and interventions to address

his continued noncompliance have thus far been ineffective and he has been
nonresponsive to supervision.

> ***The additional violation conduct DOES NOT affect the Statutory
> Provisions or Chapter 7 Violation Computations previously reported.***

Dkt. No. 7.

Judge Brown ordered on February 10, 2021 that the addendum be filed to
"amend and correct the previously submitted Petition for Person Under Supervision
filed on December 14, 2020 and include the additional alleged violations." *Id.* at 4.

## B.  <u>Revocation Hearing</u>

Defendant appeared with counsel for a final VTC revocation hearing on April
21, 2021. After his consents and competence were established, Defendant testified
under oath that he understood the violations alleged in the Petition and the
Addendum and the range of punishment for those violations. He understood that he
had the right to plead not true and have a hearing concerning whether he committed
those violations. Defendant knowingly and voluntarily consented to enter his plea to
the violations alleged in the Petition before a United States Magistrate Judge. *See*
Dkt. No. 18. He agreed to – and did – plead true to the alleged violations numbered
II, III (as amended), IV, and V in the Petition and as I and II in the Addendum.

And Defendant's counsel and Defendant and the government each made
statements as to the appropriate punishment on revocation for these violations.
Defendant's counsel requested a sentence of 12 months and 1 day in each case, to run
concurrently, with no additional term of supervised release, or, alternatively, a
sentence of 8 months in each case, as well as a recommendation that Defendant be
placed in FCI Seagoville or, alternatively, within the Northern District of Texas. The

government urged that Defendant be revoked and sentenced within the recommended 8-14 month range but noted no strong objection to the requested 12 day and 1 month concurrent sentences. Defendant himself expressed remorse and noted he has spent much of his life incarcerated and expressed gratitude for his probation officer's efforts to help him and his wife.

At the conclusion of the hearing, the undersigned orally recommended that the pleas of true to the alleged violations numbered II, III (as amended), IV, and V in the Petition and as I and II in the Addendum be accepted by Judge Brown, that Judge Brown find that Defendant violated his supervised release conditions as alleged, that Defendant's terms of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of 12 months and 1 day in each case, to run concurrently, with additional terms of supervised release of 24 months minus one day (based on three years minus the revocation sentences of 12 months and 1 day).

Defendant was advised of his right to object to these recommendations to Judge Brown. After consulting with counsel, Defendant elected not to waive his right to file objections to these recommendations to Judge Brown.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to

the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
***
     (B) to afford adequate deterrence to criminal conduct;
     (C) to protect the public from further crimes of the defendant; and
     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
***
(4) the kinds of sentence and the sentencing range established for--
     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
          (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
          (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
     (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
     (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether amendments have yet to be incorporated by the Sentencing

Commission into amendments issued under section 994(p) of title 28);
and
(B) that, except as provided in section 3742(g), is in effect on the date
the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants
with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section

3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary plea of true to the alleged violations numbered II, III (as amended), IV, and V in the Petition and as I and II in the Addendum, Defendant has violated his conditions of supervised release, and revocation of his supervised release is mandatory. Even if Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violation include failed drug tests, the Court should not, in its discretion, apply this exception where Defendant has repeatedly failed to take advantage of the opportunities he has been afforded. Because Defendant has been unable or unwilling to follow his conditions of supervised release, after considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), a term of incarceration is warranted to appropriately address his violations.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 2 years. *See* Dkt. No. 4 at 4 (citing 18 U.S.C. § 3583(e)(3).) Based upon a violation grade of C and a criminal history category of VI, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 8-14 months. *See id.* at 5. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised

release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See id.* at 4, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of up to 3 years, minus any revocation sentence. *See id.*

Here, a sentence of 12 months and 1 day in each case, to run concurrently, and with the additional term of supervised release of 24 months minus one day (based on three years minus the revocation sentences of 12 months and 1 day) to follow, would accomplish the relevant sentencing objectives, as identified in § 3583(e)(3) and set forth in § 3553(a). Defendant has continually violated his conditions of supervised release despite numerous interventions and opportunities to obtain compliance, and this recommended revocation sentence is intended to protect the public and assist Defendant with learning from and avoiding further problematic and criminal behavior in the future. Defendant would also benefit from an additional term of supervised release with the conditions listed below, to assist Defendant in developing the necessary skills to reintegrate into society with opportunities for long-term behavioral change. And the additional condition for stand-alone location monitoring is intended to enforce the standard condition instructing persons under supervision to remain in the Northern District of Texas until granted permission to travel, which Defendant here has twice violated.

The undersigned recommends the following conditions of supervised release, as announced at the end of the hearing:

**Mandatory Conditions:**

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Standard Conditions:**

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4.  You must answer truthfully the questions asked by your probation officer.

5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must

not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**Special Conditions:**

1. The defendant shall participate and complete a cognitive behavioral therapy program, such as MRT, as directed by the probation officer.

2.  The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) based on his ability to pay.

3.  The defendant shall pay any remaining balance of restitution in the amount of $214,223.17 in Case No. 3:20-CR-00394-E.

4.  The participant shall be monitored by the form of location monitoring indicated below for a period of 180 days (post-conviction only) and shall abide by all technology requirements. The participant shall pay all costs of participation in the location monitoring program.

    ☒ Location monitoring technology at the discretion of the officer

## Recommendation

Defendant Dearlo Dalean Martin's terms of supervised release should be revoked, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 12 months and 1 day in each case, all to run concurrently, with an additional term of supervised release of 24 months minus one day (based on three years minus the revocation sentences of 12 months and 1 day) to follow, with the conditions listed above. The defendant should receive credit for time served, and the Court should recommend to the Bureau of Prisons that Defendant be placed in FCI Seagoville or, alternatively, within the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 21, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE